Concetta SALFI and Doreen A. Kalnins, on behalf of themselves and all those similarly situated, Plaintiffs,

v.

Casper WEINBERGER et al., Defendants.

No. C–73 1863 ACW.

United States District Court, N. D. California.

March 22, 1974.

Don B. Kates, Jr., Bruce N. Berwald, Carl L. McConnell, San Mateo County Legal Aid Society, Redwood City, Cal., John Gant, Cal. Rural Legal Assist. Coop. Legal Services Center, San Francisco, Cal., Albert H. Meyerhoff, Jr., Elaine D. Climpson, Calif. Rural Legal Assist., Marysville, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., by Howard T. Chang, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Before BROWNING, Circuit Judge, and EAST and WOLLENBERG, District Judges.

WOLLENBERG, District Judge:

Plaintiffs Concetta Salfi and Doreen Kalnins brought this action on behalf of themselves and all others similarly situated to challenge the constitutionality of two sections of the Social Security Act under which plaintiffs were denied benefits as surviving spouse and child of a deceased wage earner. A three judge district court was properly convened pursuant to 28 U.S.C. §§ 2282 and 2284 to hear the action. Jurisdiction is vested in this court under 28 U.S.C. § 1331 since the action arises under the Constitution and laws of the United States and involves an amount in controversy exceeding $10,000. White v. Bloomberg, 345 F.Supp. 133, 141 (D.Md.1972); Hiss v. Hampton, 338 F.Supp. 1141, 1145–1146 (D.D.C.1972); Gainville v. Richardson, 319 F.Supp. 16, 18 (D.Mass. 1970); Wright, Federal Courts § 33 at 116 (2d ed. 1970). The parties have stipulated that there are no material facts in issue, and the case is now before the Court on defendants' motion to dismiss and cross motions for summary judgment.

*Facts*

Concetta Salfi married Londo L. Salfi, the wage earner, on May 27, 1972. On June 13, 1972, the wage earner suffered a severe heart attack and was hospitalized until June 29, 1972. Thereafter, on November 21, 1972, less than six months from the date of marriage, the wage earner died from the heart attack. On December 8, 1972, plaintiff Salfi filed her application for mother's insurance benefits and child's insurance benefits, on behalf of herself and plaintiff Doreen Kalnins (her daughter by previous marriage), respectively. These applications were denied both initially and on reconsideration.

The reason for the Social Security Administration's denial of Mrs. Salfi's application for benefits is expressed in the "Reconsideration Determination" attached as Exhibit "D" to plaintiffs' complaint. Under 42 U.S.C. § 402(g), a widow is entitled to mother's insurance benefits provided she qualifies as a widow under the terms of 42 U.S.C. § 416(c). Section 416(c)(5) excludes from the category of "widow" any woman who was married to a deceased wage earner "less than nine months immediately prior to the day on which he died . . . ." Under 42 U.S.C. § 402(d), a child is entitled to child's insurance benefits, provided he qualifies as a child under the terms of 42 U.S.C. § 416(e). Section 416(e)(2) excludes from the category of "child" any stepchild who has held that relationship to the wage earner "less than nine months immediately preceding the day on which [the wage earner] died." The mother and stepchild bringing this action were denied Social Security Benefits as survivors of Londo L. Salfi because they failed to qualify as mother and stepchild pursuant to the exclusions of 42 U.S.C. § 416(c)(5) and (e)(2), respectively, as Mr. and Mrs. Salfi were married less than nine months before Mr. Salfi died.

*Defendants' Motion to Dismiss*

Defendants' motion to dismiss alleges that the jurisdictional requirement of over $10,000 in controversy is not satisfied, that the suit is barred by the doctrine of sovereign immunity, and that plaintiffs have failed to exhaust their administrative remedies.

■■ It has been held in lawsuits of this nature that the amount-in-controversy requirement is satisfied if the benefits each plaintiff may reasonably expect to recover as a result of the lawsuit exceed $10,000. *See* cases cited p. 963 *supra*; *see* Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (decided December 17, 1973).

■ In this action plaintiffs are alleging that in applying the sections here under attack, the Secretary of Health, Education and Welfare is committing acts prohibited by the United States Constitution. The rule is clear in this Circuit that even suits which otherwise would be barred by the doctrine of sovereign immunity are nevertheless permissible if they allege unconstitutional acts on the part of the defendant. State of Washington v. Udall, 417 F.2d 1310, 1318 (9th Cir. 1969); Turner v. Kings River Conservation Dist., 360 F.2d 184, 190 (9th Cir. 1966).

■■ Also without merit is defendants' claim that plaintiffs failed to exhaust their administrative remedies. Such exhaustion in this case would be futile and therefore is not a prerequisite for bringing the action. The purpose of the exhaustion requirement is to afford the government agency involved an opportunity to review its own decisions with the possibility of correcting its own errors and to afford the parties and the courts the benefit of the agency's experience and expertise in the subject matter in question. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17

(1972). The defendants concede there are no material facts in issue here. There is nothing for the agency to apply its expertise to, nor is there a claim that the agency has erred in interpreting or applying the sections under attack. The only question before this Court is whether those sections violate the United States Constitution, and this question is most appropriate for judicial decision. McKart v. United States, *supra*; United States v. Hayden, 445 F.2d 1365, 1375, n. 16 (9th Cir. 1971).

■ Defendants also contend this action is barred by the provision of 42 U.S.C. § 405(h) that "No action against the United States, the Secretary [of HEW], or any officer or employee thereof shall be brought under [28 U.S. C. § 1331] to recover on any claim arising under this subchapter." We think this provision was intended to do no more than codify the doctrine requiring exhaustion of administrative remedies, and therefore that it is inapplicable to this action for the reasons already stated. *See* Gainville v. Richardson, *supra*.

Since defendants have presented no ground which would justify granting its motion to dismiss, that motion will be denied.

*Plaintiffs' Motion for Summary Judgment*

Defendants have urged throughout this litigation that Congress may properly specify which classes of persons are entitled to receive Social Security benefits and which classes are not so entitled. The challenged provisions, according to defendants, are no more than an expression by Congress of which classes of persons are to receive benefits and which are to be excluded.

We reject defendants' strained interpretation of the provisions under consideration here as inconsistent both with the legislative history of the provisions and with other sections of the Social Security Act.

The purpose of the duration-of-relationship requirement found in the provisions here under attack is expressed in House Report No. 92–231, 92d Cong., 2d Sess. (1972), which contains the legislative history for the Social Security Amendments of 1972. In that Report the House Ways and Means Committee explained the purpose of the requirement as follows:

This duration-of-relationship requirement is included in the law as a general precaution against the payment of benefits where the marriage was undertaken to secure benefit rights.

H.R.Rep.No.92–231, *supra, reprinted at* 3 U.S.Code, Congressional and Administrative News p. 5042 (1972). It is apparent that Congress intended these provisions to serve as a device to prevent the use of sham marriages to secure Social Security payments to which the parties to the marriages would not otherwise be entitled.

Furthermore, 42 U.S.C. § 416(k) provides relief from the exclusions of § 416(c)(5) and (e)(2) when the death of the wage earner was accidental. The only reasonable explanation for this relief which is apparent to this Court is that a bona fide accidental death establishes a good case that the marriage was not entered into for the purpose of securing Social Security benefits, and the presumption, therefore, is not necessary then to prevent fraud. This exception to the duration-of-relationship requirement provides additional evidence that the purpose of the requirement is not to define the class of persons who may receive benefits.

Congress clearly intended to prevent the use of marriage as a device for obtaining Social Security benefits to which persons would not otherwise be entitled. As such the requirement constitutes a presumption that marriages like Mrs. Salfi's, which did not precede the wage earner's death by at least nine months, were entered into for the purpose of securing Social Security benefits

to which the parties to the marriage would not otherwise be entitled. Because persons who find themselves in the positions of Mrs. Salfi and her daughter are afforded no opportunity to disprove the presumption, the duration-of-relationship requirement functions as a conclusive presumption, and it is the constitutional validity of this conclusive presumption that we shall now consider.

The Supreme Court has recently had occasion to address itself at length to the appropriateness of conclusive evidentiary presumptions. Cleveland Board of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (decided January 21, 1974); Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). In Cleveland Board of Education v. LaFleur, *supra*, the Court struck down a requirement that pregnant teachers go on maternity leave several months prior to the expected birth. Writing for the majority, Justice Stewart observed that, like in Vlandis v. Kline, *supra*, the presumption then under attack was neither "necessarily nor universally true". 414 U.S. at 644, 94 S.Ct. at 798. The conclusive presumption therefore violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

No purpose would be served by repeating the Supreme Court's thorough discussion of the issue before us. As in *LaFleur* and *Vlandis*, the presumption we are considering is neither necessarily nor universally true. While the duration of the marriage may at times cast suspicion on the intention of the parties when they entered into it, such duration surely is not dispositive of the issue. We offer no suggestion of what hearing provision might satisfy the demands of due process in this instance. We hold today only that 42 U.S.C. § 416(c)(5) and (e)(2) are invalid and in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution insofar as they deny plaintiffs an opportunity to demonstrate their eligi-

bility for mother's insurance benefits and child's insurance benefits.

*Order*

Accordingly, it is ordered that jurisdiction is conferred upon this Court by 28 U.S.C. § 1331; and

It is further ordered that 42 U.S.C. § 416(c)(5) and (e)(2) are declared invalid because they violate the Due Process Clause of the Fifth Amendment to the United States Constitution; and

It is further ordered that this action is certified as a class action pursuant to F.R.Civ.P. Rule 23, and that the class consists of all otherwise eligible surviving spouses and stepchildren of deceased wage earners heretofore disqualified from receipt of widow's and children's Social Security survivors' benefits by operation of 42 U.S.C. § 416(c)(5) and (e)(2); and

It is further ordered that defendants' motion for summary judgment and defendants' motion to dismiss the complaint are denied; and

It is further ordered that defendants, their agents, successors and employees are permanently restrained and enjoined from denying benefits to plaintiffs and the class they represent by reason of the nine month durational marriage requirement embodied in 42 U.S.C. § 416(c)(5) and. (e)(2), and are ordered to provide benefits, from the time of original entitlement, to plaintiffs and the class they represent, provided said plaintiffs and class are otherwise fully eligible to receive said benefits; and

It is further ordered that defendants shall provide notice of this decision to all present members of the class by mailing such notice to each member of the class within ninety days of the filing of this order; and

It is further ordered that said notice be approved by the convening Judge before it is mailed to the members of the class and that the cause be remanded to the convening Judge for such further orders as may be appropriate.